**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DESIGNLIBRO INC.,<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"<br><br>Defendants. | Civil Action No.<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiff Designlibro Inc. ("Designlibro" or "Plaintiff") hereby brings this action against the Partnerships and Unincorporated Associations identified on Schedule A attached hereto (collectively, "Defendants") and alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Patent Act, 35 U.S.C. §101, et seq., the Lanham Act, 15 U.S.C. 1125(a)(1)(B), and 28 U.S.C. §§ 1331 and 1338(a)-(b).

2. This Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive, e-commerce stores[1] operating under the seller aliases identified in Schedule A attached hereto (the "Seller Aliases"). Specifically, Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and/or funds from U.S. bank accounts, and have sold products featuring Designlibro's patented designs to

[1] The e-commerce store URLs are listed on Schedule A hereto under the Online Marketplaces.

residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Designlibro substantial injury in the State of Illinois.

3. Venue is proper in this District under 28 U.S.C. §1391(c)(2) because each Defendant is subject to this Court's personal jurisdiction with respect to this action.

4. Venue is proper in this District under 28 U.S.C. § 1400(b) with respect to the patent infringement claims as to certain defendants because they do not reside in any judicial district in the United States.

## INTRODUCTION

5. Since July 2022, Plaintiff Designlibro has marketed PETLIBRO brand pet fountains. Plaintiff's pet fountains use replaceable filters, which Plaintiff and its authorized retailers market for Plaintiff's PETLIBRO pet fountains.

6. Plaintiff has invested heavily, spending substantial amount of resources and money in advertising, promoting and marketing its PETLIBRO brand pet fountains and filters. Plaintiff has targeted the marketing efforts for its innovative patented products in a manner calculated to grow Plaintiff's business.

7. To maintain control of the quality of its products and the user experience associated with Plaintiff's products, Plaintiff markets its PETLIBRO products in the United States only through authorized retailers.

8. This action has been filed by Plaintiff Designlibro to combat e-commerce store operators who trade upon Designlibro's reputation and goodwill by making, using, offering for sale, selling and/or importing into the United States for subsequent sale or use inferior quality unauthorized and unlicensed pet fountain filters ("Infringing Products" or "Infringing Pet Fountain Filters") that infringe U.S. Design Patent No. D1,006,342 ("the '342 patent") (Ex. A), as shown in the claim chart attached as Schedule B.

9. Defendants have created e-commerce stores operating under one or more Seller Aliases that are making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use Infringing Products to unknowing consumers. Each of the Infringing Pet Fountain Filters has inferior quality compared with genuine PETLIBRO filters. Each of the Infringing Pet Fountain Filters has been advertised in connection with Defendants' e-commerce stores to give the false and misleading impression to consumers that the Infringing Pet Fountain Filters are the same or equivalent quality to genuine PETLIBRO filters.

10. Designlibro has filed this action to combat Defendants' infringement of its patented designs, and to enjoin Defendants from falsely and misleadingly advertise that their Infringing Pet Fountain Filters have the same or equivalent quality as genuine PETLIBRO filters. Designlibro has also filed this suit to protect unknowing consumers from purchasing Defendants inferior Infringing Products over the Internet. Designlibro has been and continues to be irreparably damaged from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing its patented design as a result of Defendants' actions and from Defendants' false and misleading advertising. Designlibro seeks injunctive and monetary relief.

## THE PARTIES

### A. Plaintiff

11. Plaintiff Designlibro is a company having its principal place of business at 2570 N. First Street, Suite 440, San Jose, CA 95131.

12. Plaintiff is the owner of U.S. Design Patent D1,006,342 ("the D'342 patent") ("the patent-in-suit"). Ex. A.

13. The patent-in-suit issued on November 28, 2023 and has an effective filing date at least as early as May 22, 2023, as shown below:

| Patent No. Issue Date | Application No. Filing Date |
|---|---|
| D1,006,342 11/28/2023 | 29/876,444 5/22/2023 |

14. The D'342 patent claims an "ornamental design for a pet fountain filter, as shown and described." Figs. 1 and 4, reproduced in part below, shows the claimed design:



FIG.1



FIG.4

15. Since July 2022, Plaintiff and its affiliates have marketed pet fountain filter covered by the patent-in-suit.

**B. Defendants**

16. Defendants are individuals and business entities of unknown makeup who own and/or operate one or more of the e-commerce stores under at least the Seller Aliases identified on Schedule A and/or other seller aliases not yet known to Designlibro. On information and belief, Defendants 1-5 reside and/or operate in the People's Republic of China or other foreign jurisdictions with lax intellectual property enforcement systems or redistribute products from the same or similar sources in those locations. Defendant 6 appears to reside in the United States, albeit using a fictitious United States address. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

17. On information and belief, Defendants either individually or jointly, operate one or more e-commerce stores under the Seller Aliases listed in Schedule A attached hereto. Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Designlibro to discover Defendants' true identities and the exact interworking of their network. If Defendants provide additional credible information regarding their identities, Designlibro will take appropriate steps to amend the Complaint.

**DEFENDANTS' UNLAWFUL ACTS**

18. Defendants have targeted sales to Illinois residents by setting up and operating ecommerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and/or funds from U.S. bank accounts, and, have sold Infringing Products to residents of Illinois.

19. Defendants concurrently employ and benefit from substantially similar advertising and marketing strategies. For example, Defendants facilitate sales by designing e-commerce stores operating under the Seller Aliases so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers. E-commerce stores operating under the Seller Aliases appear sophisticated and accept payment in U.S. dollars and/or funds from U.S. bank accounts via credit cards, Alipay, Amazon Pay, and/or PayPal. Designlibro has not licensed or authorized Defendants to use the Designlibro Designs, and none of the Defendants are authorized retailers of genuine Designlibro products.

20. Defendants are collectively causing harm to Plaintiff's goodwill and reputation because the effect of their unlawful actions taken together amplifies each harm and creates a single negative consumer impression. Defendants' activities, occurring at the same time and in the same retail space and manner as one another, blend together to create a single negative impression on consumers such that they constitute the same occurrence or series of occurrences. The combination of all Defendants engaging in the same illegal activity in the

same time span causes a collective harm to Plaintiff in a way that individual actions, occurring alone, might not.

**COUNT I**
**INFRINGEMENT OF U.S. DESIGN PATENT NO. D1,006,342 (35 U.S.C. §271)**

21. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1-20.

22. Plaintiff is the owner of the D'342 patent.

23. Plaintiff's D'342 patent is duly issued by the United States Patent and Trademark Office, and under 35 U.S.C. § 282 are presumed valid.

24. Defendants have infringed and will continue to infringe Plaintiff's D'342 patent by engaging in the acts complained of herein, by offering to sell, selling, and importing products that infringe Plaintiff's D'342 patent, and/or by inducing others to infringe the D'342 patent. Claim chart comparisons of Infringing Products with the D'342 patent are provided in Schedule B.

25. Plaintiff has been and continues to be irreparably injured by Defendants' infringing activities and has no adequate remedy at law.

26. Plaintiff is entitled to an immediate order, temporarily restraining Defendants from offering for sale, selling, marketing, and importing the accused products.

27. Plaintiff is also entitled to an order freezing Defendants' bank accounts used in connection with the sales of the Accused Products, including but not limited to Defendants' accounts for the sale of the Accused Products in the online stores.

28. Plaintiff is entitled to recover damages adequate to compensate for the infringement, including Defendants' profits pursuant to 35 U.S.C. § 289. Plaintiff is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

29. Defendants have willfully infringed Plaintiff's D'342 patent, in reckless disregard of Plaintiff's rights.

30. Plaintiff is also entitled to damages for Defendants' acts of infringement, to a finding that this case is exceptional, under 35 U.S.C. § 285, and to three times the amount of such damages pursuant thereto.

31. Plaintiff is also entitled to recover its attorneys' fees and costs from Defendants.

**COUNT II**
**FALSE AND MISLEADING ADVERTISING IN VIOLATION OF LANHAM ACT § 43(a)((1)(B)**

32. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1-31.

33. Defendants, and each of them, have commercially advertised and promoted in their internet store sites non-genuine pet filters as allegedly "Cat Water Fountain Replacement for PETLIBRO."

34. Defendants advertise their knockoff products to insinuate that they are replacements for genuine PETLIBRO products having the same or equivalent quality, when, in fact, they are substantially inferior in quality to genuine PETLIBRO products.

35. Defendants' false and misleading advertisements induces unwary consumers into purchasing Defendants' products, incorrectly assuming that they are buying the same thing as the genuine PETLIBRO products at a reduced price, when, in fact, consumers are purchasing vastly inferior products.

36. Defendants' false and misleading advertisements and their marketing of inferior replacement filters have damaged Plaintiff's goodwill by, among other things, adversely impacting customers' use experience of Plaintiff's PETLIBRO pet fountain.

37. Defendants' false and misleading advertisements violate Plaintiff's rights under Lanham Act § 43(a)(1)(B), 15 U.S.C. 1125(a)(1)(B).

38. Defendants have suffered and will continue to suffer irreparable injury by virtue of Defendants' false and misleading advertising and sale of inferior filters.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. That Defendants, their affiliates, officers, agents, servants, employees, attorneys, principals, confederates, and all persons acting for, with, by, through under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from infringing patent-in-suit in violation of 35 U.S.C. § 271;

B. That Defendants, their affiliates, officers, agents, servants, employees, attorneys, principals, confederates, and all persons acting for, with, by, through under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from falsely and misleadingly advertising that their replacement filters have the same or similar quality as Plaintiff's PETLIBRO replacement filters;

C. For entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including, without limitation, any payment platforms such as credit cards, PayPal, JCB, Maestro, OXXO, and Diners' Club International, (collectively, the "Third Party Payment Providers") shall disable the accounts used by or associated with Defendants in connection with the sale of the Accused Products, which infringe the patent-in-suit;

D. For entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including without limitation any online marketplace platforms such as eBay, AliExpress, Alibaba, Amazon, Wish.com, Walmart, Etsy, DHgate, Temu, web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, Internet search engines such as Google, Bing and Yahoo (collectively, the "Third Party Providers") shall:

1) disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of the Infringing Products;

2) disable and cease providing services being used by Defendants, currently or in

the future, to engage in the sale of the Infringing Products; and

3) take all steps necessary to prevent links to the Defendant Internet Stores identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Internet Stores from any search index;

E. Judgment that Plaintiff's patent-in-suit is valid and enforceable;

F. Judgment that Defendants have infringed and are infringing Plaintiff's patent-in-suit;

G. Judgment that the Defendants have engaged in false and misleading advertising in violation of 15 U.S.C 1125(a)(1)(B).

H. That Plaintiff be awarded such damages as it shall prove at trial against Defendants that are adequate to compensate Plaintiff for Defendants' infringement of the Designlibro Designs, but in no event less than a reasonable royalty for the use made of the invention by the Defendants, together with interest and costs, pursuant to 35 U.S.C. § 284;

H. That Plaintiff be awarded damages pursuant to 35 U.S.C. § 289 for Defendants' infringement of the patent-in-suit;

I. That this Court find that Defendants have willfully infringed Plaintiff's patents-in-suit, that this Court find this case exceptional under 35 U.S.C. §285, and award three times actual damages under 35 U.S.C. §284;

J. That Plaintiff be awarded its reasonable attorneys' fees and costs;

K. For such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury for all issues so triable.

Date: September 23, 2026

Respectfully submitted,

RIMON, P.C.

*/s/ Eric Cohen*

Eric C. Cohen
Telephone: (984) 960-2860
RIMON P.C.
875 N. Michigan Ave., Suite 3100
Chicago, IL 60611
eric.cohen@rimonlaw.com

Jason Xu
1050 Connecticut Ave. NW, Suite 500
Washington, D.C. 20036
(202) 470-2141
jason.xu@rimonlaw.com

*Attorneys for Plaintiff Designlibro Inc.*